622 F.2d 574
 80-1 USTC P 9164
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Roberto Insolera and Angela Insolera, Petitioners-Appellants
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 79-4123.
 United States Court of Appeals, Second Circuit.
 Jan. 8, 1980.
 
 Before WATERMAN, MOORE and MANSFIELD, Circuit Judges.
 
 
 1
 Upon this appeal by Roberto and Angela Insolera pursuant to 26 U.S.C. Sec. 7482 from a judgment of the United States Tax Court, entered on March 5, 1979, after a trial before the Honorable William H. Quealy adjudging appellants liable for deficiencies in their 1968 and 1969 income tax and for an additional 50% fraud penalty for each of the two years, the said decision and judgment, after our examination of the record, reading of the parties' briefs on appeal, and hearing oral argument by counsel, are
 
 
 2
 AFFIRMED.
 
 
 3
 (1) There was ample evidence to sustain the finding of a deficiency for the year 1968. The Commissioner determined the deficiency by relying on the bank deposits method of reconstructing income. He started with the total deposits in the appellants' various bank accounts and then subtracted loans received, inter-bank transfers, cash redeposits and income reported on appellants' tax returns to arrive at "unexplained bank deposits" in the amount of $27,524, which constitutes the amount by which the taxpayers understated their income for the year 1968. Although taxpayers argue that the "unexplained deposits" could in fact be explained as resulting from the taxpayers' practice of redepositing cash previously withdrawn from their various bank accounts, i.e., "churning," it was not unreasonable for the Tax Court to disbelieve that theory and appellants' testimony, particularly in light of the presumption of correctness which attaches to the Commissioner's determination of a deficiency. Welch v. Helvering, 290 U.S. 111 (1933); Bernuth v. Commissioner, 470 F.2d 710, 714 (2d Cir.1972).
 
 
 4
 (2) Nor was it unreasonable for the Commissioner, in determining the deficiency, to refuse to credit petitioners' testimony regarding cash redeposits in the absence of corroborative evidence of deposits, such as deposit slips. The fact that the taxpayers had withdrawn a large amount of money does not mean that they redeposited the withdrawals. In short, the failure to show that the "unexplained deposits" were not income was the fault of the taxpayer, not the Commissioner. United States v. Stein, 437 F.2d 775, 778 (2d Cir.1971), cert. denied, 403 U.S. 905 (1971).
 
 
 5
 (3) There was also ample evidence to sustain the Commissioner's determination, under the same bank deposits method of reconstructing income, of a deficiency of $23,739 for the year 1969. Although appellants correctly argue that the statute of limitations bars the assessment of a deficiency with respect to the 1969 return unless fraud is shown, the Commissioner has shown by clear and convincing evidence that the understatement of income for the year 1969 was due to fraud. Aside from the substantial unexplained deposits, there was proof that the taxpayers destroyed important relevant records during the Commissioner's criminal investigation, that appellants were well-educated sophisticated persons quite competent in maintaining financial records when it was to their advantage, and that the pattern of under-reporting extended over a two-year period. Under the circumstances the Commissioner's determination was not arbitrary and, even assuming that the Commissioner had the burden of proving fraud with respect to the 1969 deficiency, that burden was satisfied. The presumption of correctness as to the deficiencies thus remained undisturbed. Jackson v. Commissioner, 380 F.2d 661, 664 (6th Cir.1967), cert. denied, 389 U.S. 1015 (1967).